# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **YVROSE JEAN,** | | |
| Plaintiff, | | |
| v. | | 1:11-cv-1101-WSD |
| **AMERICAN HOME MORTGAGE SERVICING, INC.,** | | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on American Home Mortgage Servicing, Inc.'s ("AHMSI" or "Defendant") Motion for Summary Judgment [30].

## I.  BACKGROUND

### A.  Overview

On April 6, 2011, Yvrose Jean ("Jean" or "Plaintiff"), proceeding *pro se*, filed her Complaint in this action asserting claims in connection with a mortgage she obtained to purchase real property located at 889 Sunny Field Lane, Lawrenceville, Georgia 30043 (the "Property"). Having reviewed Plaintiff's Complaint, the Court liberally construes it as containing claims of "Discrimination,

Deceptive Lending Practice, and Neglecting Fiduciary Duty." (Compl. at 1, ¶ 3, ¶ 9, ¶¶ 15-17).[1]

On April 11, 2011, Defendant was properly served with the Complaint [2] by service on CT Corporation, its registered agent.

On May 12, 2011, Plaintiff filed a request for the entry of default with the Clerk of Court after Defendant failed to answer or otherwise respond to the Complaint [5]. On May 16, 2011, a Clerk's Entry of Default was entered against Defendant.

On May 17, 2011, Plaintiff filed her Emergency Motion for Stay Order after receiving a foreclosure notice from an attorney representing Defendant as servicer for the loan [6]. The foreclosure notice stated that Defendant intended to foreclose on the Property at a nonjudicial foreclosure sale on June 7, 2011 [6.1].

On June 3, 2011, the Court conducted a hearing on Plaintiff's Emergency Motion for Stay Order. Defendant did not appear at the hearing or respond to the Emergency Motion for Stay Order even after being advised of it. After the hearing, the Court ordered that Plaintiff's Emergency Motion for Stay Order was granted and the foreclosure sale of the Property on June 7, 2011, was enjoined [8].

---

[1] Although the Court construes *pro se* pleadings liberally, they must also comply with the procedural rules that govern pleadings. See McNeil v. United States, 508 U.S. 106, 113 (1993).

On June 13, 2011, Defendant moved to set aside the default entered by the Clerk of Court [11].

On July 18, 2011, after finding Defendant made a proper showing of good cause, the Court granted Defendant's motion and set aside the default [16]. On July 18, 2011, Defendant also filed its Answer [17].

On September 22, 2011, the Court approved the parties' Joint Preliminary Report and Discovery Plan [27].

On October 19, 2011, Defendant served its requests for admission upon Plaintiff and Plaintiff failed to respond. (Ex. 1 to Def.'s Mot. for Summary J.). Because Plaintiff did not respond to Defendant's requests for admission, they are deemed admitted pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 36(a)(3).

On January 9, 2012, Defendant moved for summary judgment on all of Plaintiff's claims [30].

On January 10, 2012, the Clerk of Court notified Plaintiff that a failure to respond to Defendant's Motion for Summary Judgment could result in the entry of a final judgment against her [31].

Plaintiff failed to respond to Defendant's Motion for Summary Judgment and its Statement of Undisputed Material Facts ("SUMF") [30.7]. Because

Plaintiff did not file a response to Defendant's Statement of Undisputed Material Facts, those facts are deemed admitted pursuant to the Local Rules.[2]  LR 56.1 NDGa.

B.    Facts deemed admitted on summary judgment

On or about September 16, 2005, Plaintiff obtained a loan in the amount of $183,600.00 (the "Loan") from Argent Mortgage Company ("Argent").  (SUMF ¶ 1-2).

AHMSI did not make the Loan to Plaintiff and Plaintiff has never applied for a loan to be made by AHMSI.  (Id. ¶¶ 3-4).

In connection with the Loan, Plaintiff executed a promissory note (the "Note"), promising to repay the Loan principal, and all accrued interest, charges, and fees, on or before October 1, 2035.  (Id. ¶ 5).

Plaintiff also executed a Security Deed on September 16, 2005.  (Id. ¶ 6).  Pursuant to the terms of the Security Deed, the Loan was secured by the Property.  (Id. ¶ 7).

---

[2] The Local Rules for the Northern District of Georgia state that "[a] respondent to a summary judgment motion shall include . . . with the responsive brief: [a] response to the movant's statement of undisputed facts." LR 56.1 B.(2)a. NDGa. A party's failure to provide a response to the movant's statement of undisputed facts results in the movant's facts being deemed as admitted.  LR 56.1 B.(2)a.(2) NDGa.

4

Plaintiff defaulted on the Loan and has not made any payment since October 2008. (Id. ¶¶ 8-9).

Plaintiff is not in possession of any document or evidence showing that she asked AHMSI for a modification of the Loan. (Id. ¶ 10). Plaintiff never submitted a written request to AHMSI seeking a loan modification. (Id. ¶ 11).

## II. DISCUSSION

### A. Summary judgment standard

Upon motion by a party, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate

by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "'*to the extent supportable by the record*.'" Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007) (emphasis in original)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, this requirement "extends only to 'genuine' disputes over material facts," meaning "more than 'some metaphysical doubt as to the material facts.'" Garczynski, 573 F.3d at 1165 (quoting Scott, 550 U.S. at 380). "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B.    Plaintiff's "Discrimination" claim

Plaintiff claims that she "believes she was targeted as a minority borrower and she is a victim of predatory lending practice." (Compl. ¶ 9). The Court liberally construes her *pro se* discrimination claim as an alleged violation of 42 U.S.C. § 1983.[3]

Section 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. While not a source of substantive rights, Section 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

To prevail in an action under Section 1983, a plaintiff must make a *prima facie* showing of two elements: (1) that the act or omission deprived plaintiff of a

---

[3] Plaintiff presumably relies on the Equal Protection Clause of the Fourteenth Amendment because of her claimed minority status.

right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.").

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey, 949 F.2d at 1130. The Eleventh Circuit uses three tests to determine whether the actions of a private party should be attributed to the state: (1) the public function test, which "limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which "limits state action to instances where the government has coerced or at least significantly encouraged" the challenged action; and (3) the nexus/joint action test, which applies when "the state has so far insinuated itself into a position of interdependence with the [private party] that it [i]s a joint participant in the enterprise." See Focus on the Family v.

Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted).

Defendant is a private corporation that does not perform any traditional state functions, has not been coerced or encouraged by the state to service loans, and has not jointly participated in an enterprise with the state. Defendant is not a state actor and there can be no dispute that Plaintiff does not have a claim of discrimination against Defendant. Summary judgment is granted for Defendant on Plaintiff's discrimination claim.

### C. Plaintiff's "Deceptive Lending Practice" claim

Plaintiff claims that she is the victim of deceptive and predatory lending practices. AHMSI is the servicer of the Loan and was not involved in loaning money to Plaintiff. Plaintiff has not applied for a loan from AHMSI. Her claim is properly and necessarily against the lender who loaned her the money to purchase the Property, Argent Mortgage Company, and not Defendant, who is merely the servicer of the Loan and did not participate in the loan transaction. See Goldman v. Aurora Loan Servs., LLC, No. 1:09-CV-3337-RWS, 2011 WL 3845498, at *5 (N.D. Ga. Aug. 29, 2011); Jordan v. PHH Mortg. Corp., No. 1:10-cv-0967-TWT-CCH, 2010 WL 5058638, at *5 (N.D. Ga. Nov. 5, 2010), adopted by 2010 WL 5055809 (N.D. Ga. Dec. 6, 2010) (Thrash, J.).

Because there can be no dispute of fact regarding Defendant's liability to Plaintiff as a lender for a deceptive lending practice, summary judgment is granted to Defendant on Plaintiff's deceptive lending practice claim.

D. Plaintiff's "Neglecting Fiduciary Duty" claim

Plaintiff claims that by not modifying the Loan, Defendant breached a fiduciary duty owed to her. (Compl. ¶¶ 12-17). Plaintiff, in failing to respond to Defendant's Motion for Summary Judgment, has failed to establish that Defendant owes any duty to her or that she ever even asked for a loan modification.[4] In addition, it is well settled under Georgia law that there is no fiduciary relationship between a borrower and a lender or its agent. See Habib v. Bank of Am. Corp., No. 1:10-CV-4079-TWT-RGV, 2011 WL 5239723, at *5 (N.D. Ga. Sept. 29, 2011), adopted by 2011 WL 5239713 (N.D. Ga. Oct. 28, 2011) (Thrash, J.) (citing In re Telfair, 224 B.R. 243, 250 (Bankr. S.D. Ga. 1998); May v. Citizens & S. Nat'l Bank, 413 S.E.2d 780, 782 (Ga. Ct. App. 1991); Pardue v. Bankers First Fed.

---

[4] There is no written evidence that Plaintiff ever requested the loan modification that she claims she sought. (Compl. ¶ 12). To the extent she verbally asked for a loan modification and this created some oral or implied contract, that claim fails because oral and unwritten agreements regarding any commitment to lend money or any interests in lands; to include reinstating a mortgage, refinancing a mortgage, or forbearing from foreclosure proceedings; are unenforceable under the Georgia Statute of Frauds. O.C.G.A. § 13-5-30; James v. Safari Enters., Inc., 537 S.E.2d 103, 104 (Ga. Ct. App. 2000); Allen v. Tucker Fed. Bank, 510 S.E.2d 546, 546-47 (Ga. Ct. App. 1998).

Sav. & Loan Ass'n, 334 S.E.2d 926, 926-27 (Ga. Ct. App. 1985)); see also Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997).

To the extent Plaintiff relies upon the federal Home Affordable Modification Program ("HAMP") and Making Home Affordable Program ("MHA") guidelines to argue that Defendant or the owner of the Loan, as a recipient of federal funds, had a contractual obligation and owed Plaintiff a duty—as a third-party beneficiary to the HAMP and MHA—to evaluate her loan for modification or modify her loan, this claim also fails because the HAMP, and the Emergency Economic Stabilization Act of 2008, neither expressly, nor impliedly, create a cause of action or vest "mortgagors with third party beneficiary rights to enforce HAMP" agreements under state law. See Nelson v. Bank of Am., N.A., 446 F. App'x 158, 158 (11th Cir. 2011) (citing cases); Warren v. Bank of Am., No. 4:11-cv-70, 2011 WL 2116407, at *2-*5 (S.D. Ga. May 24, 2011) (citing cases).

No rational trier of fact could find that Defendant, as a loan servicer and agent for the owner of the Loan, owed Plaintiff any fiduciary duty and it did not owe her a fiduciary duty as a matter of law. Summary judgment is granted for Defendant on Plaintiff's "Neglecting Fiduciary Duty" claim.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [30] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of June 3, 2011, granting Plaintiff's request "to stay all collection activities including foreclosure towards plaintiff or her property" and enjoining a foreclosure sale of the Property on June 7, 2011, is **VACATED**.

**SO ORDERED** this 30th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE